IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ONE MAN BAND CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF SMITH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER CONFIMING THE FINAL ARBITRATION AWARD AND DENYING PLAINTIFFS' MOTION TO TRANSFER PROPERTY TO ONE MAN BAND CORPORATION<br><br><br>Case No. 2:14-CV-221 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion to Confirm Arbitration Award, Motion to Confirm Final Arbitration Award, and Ex-Parte Motion to Transfer Property to One Man Band Corporation. The Court will deny as moot Plaintiffs' Motion to Confirm Arbitration Award as it was superseded by Plaintiffs' Motion to Confirm Final Arbitration Award. The Court will confirm the final arbitration award and deny the motion to transfer property.

I.  BACKGROUND

On March 25, 2014, One Man Band Corporation and Bradley G. Turner (Plaintiffs) filed suit against Jeff Smith and J.W. Smith, LLC (Defendants) for continuing to operate a One Man Band Restaurant in Santaquin, Utah, after expiration of the Franchise Agreement. Plaintiffs allege breach of contract, breach of the implied covenant of good faith and fair dealing, trademark infringement, trade dress infringement, unfair competition, intentional interference with business relations, copyright infringement, and cybersquating.

The Court ordered arbitration on several of Plaintiffs' claims, leaving only two claims for trial: breach of the implied covenant of good faith and fair dealing and trademark infringement. An arbitration was held and the arbitrator issued an interim award on July 11, 2016. A final award was issued on September 13, 2016. The final award granted Plaintiffs monetary damages against Defendants and included an option to purchase the disputed property within thirty days of the interim award. The award specified that if Plaintiffs elect to purchase, "the closing must occur within no more than thirty (30) days after the date of the election."[1] No other requirements or specifications were made regarding how the purchase should be conducted.

On August 9, 2016, Plaintiffs sent Defendants a letter informing Defendants that it would elect to purchase the property. On September 8, 2016, Plaintiffs delivered to a title company, Pro-Title, certified funds and loan commitments to cover the purchase price of $370,000.[2] Plaintiffs repeatedly requested Defendants sign the closing documents. Defendants refused to do so. Defendants claim that through a chain of emails, "it was made clear that funds were not presented to the title company and that Brad Turner had not transferred money into the title company's escrow account."[3] Therefore, Defendants chose not to sign the closing documents and the title company was unable to complete the transaction.

Plaintiffs submit the declaration of Jody Johnson, an employee of Pro-Title who was in charge of preparing closing documents for the transaction. She states that Plaintiff Brad Turner came to Pro-Title on September 8, delivered certified funds, and signed all of the bank loan

---

[1] Docket No. 62, at 2.

[2] Docket No. 64-5, at 3; Docket No. 64-8, at 3.

[3] Docket No. 65, at 2; Docket No. 65-3.

documents.[4] Ms. Johnson states that expected proceeds from the certified funds and loan documents exceeded $370,000.[5] Ms. Johnson also testifies to the discovery of several liens and unpaid taxes on the property.[6]

Defendants assert that under Utah Code § 31A-23(a)-406(5), the title company must have "collected and cleared" money in order to close. Defendants argue that the title company had not yet been wired the funds. Defendants chose not to sign the closing documents without evidence that adequate money was available. Defendants request the Court allow continuance of discovery to obtain information from the bank and the title company about Plaintiffs' funds.

Plaintiffs seek a "judgment confirming the arbitration award"[7] and request the Court transfer possession of the property to Plaintiffs.[8] Plaintiffs allege that Defendant Jeff Smith has stopped paying sales taxes on the property and his mortgage and may be filing for bankruptcy in the near future. Plaintiffs are concerned that if the property proceeds through a foreclosure sale, Plaintiffs will be irreparably harm by losing its ability to purchase the property and protect its trade dress and trademarks. Plaintiffs request the Court transfer the disputed property to Plaintiffs under a refinance scheme with a requirement that the loan close within 30 days.[9] Plaintiffs suggest that the Court has the authority to enforce such a remedy under Federal Rules of Civil Procedure 64 and 70.

---

[4] Docket No. 64-8, at 3.

[5] *Id*.

[6] *Id*. at 2–3.

[7] Docket No. 55, at 1.

[8] Docket No. 64, at 6.

[9] *Id*.

Defendants oppose confirmation of the final award to the extent that it includes the option to purchase the property. Defendants argue that because Plaintiffs failed to complete the purchase according to the terms of the arbitrator's award, that clause is now moot and should not be included in the final award. Defendants have also requested oral argument on the matter. Plaintiffs oppose oral argument because it claims that any further delay results in additional harm to Plaintiffs. The Court will deny Defendants' request for oral argument because it does not believe oral argument will be helpful in resolving these disputes.

## II.  DISCUSSION

The Federal Arbitration Act ("FAA") provides that a court "must" confirm an award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."[10] Section 10 allows the Court to vacate the award where the award was procured by "corruption, fraud, or undue means" or where there was "evident partiality or corruption in the arbitrators."[11] Section 11 allows the Court to modify or correct the award where there has been an "evident material miscalculation," "evident material mistake," or if the award is "imperfect in matter of form not affecting the merits."[12] Sections 10 and 11 are the exclusive grounds for vacatur and modification of an award.[13]

Defendants oppose confirming the award because they argue that Plaintiffs' option to purchase the disputed property is now moot. Plaintiffs argue that whether the option to purchase remains available is irrelevant to whether the Court confirms the award. Plaintiffs are correct.

---

[10] 9 U.S.C. § 9.

[11] 9 U.S.C. § 10.

[12] 9 U.S.C. § 11.

[13] *Hall Street Assoc's, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).

Defendants' opposition does not include an allegation of corruption, fraud, mistake, miscalculation, or a condition otherwise set forth in sections 10 and 11.  Accordingly, the Court must confirm the award.

However, the issue of enforcement is a separate matter.  Plaintiffs also filed an Ex-Parte Motion to Transfer Property and request the Court seize the disputed property under Federal Rules of Civil Procedure 64 and 70.

Federal Rule of Civil Procedure 64 provides,

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.

In the State of Utah, Utah Rule of Civil Procedure 64 governs the process for a writ of replevin.  "A writ of replevin is available to compel delivery to the plaintiff of specific personal property held by the defendant."[14]  A writ of replevin requires first that the movant satisfies the requirements set forth under Rule 64A.[15]  Plaintiffs have not shown that it has met all the requirements of Rule 64 for a writ of replevin.  Therefore, the Court cannot grant such a remedy.

Plaintiffs also rely on Federal Rule of Civil Procedure 70, which states,

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—a the disobedient party's expense—by another person appointed by the court.  When done, the act has the same effect as if done by the party.

---

[14] Utah R. Civ. P. 64B.

[15] *Id*.; Utah R. Civ. P. 64A.

5

Rule 70 requires a judgment from the Court.  However, the Court will not enter judgment until all matters are adjudicated.[16]  As it stands, two claims remain for trial.  Plaintiffs have submitted a motion for summary judgment on the issue of trademark infringement and have asked the Court "augment the arbitration award and receive a final judgment disposing of all claims" if the Court grants summary judgment.[17]  Plaintiffs' motion for summary judgment is not yet fully briefed.  Therefore, the Court will not enter judgment until all matters are resolved.  Accordingly, the Court will deny Plaintiffs' Ex-Parte Motion to Transfer Property without prejudice.

It is therefore

ORDERED that Plaintiffs' Motion to Confirm Arbitration Award (Docket No. 48) is DENIED as moot.  It is further

ORDERED that Plaintiffs' Motion to Confirm Final Arbitration Award (Docket No. 55) is GRANTED.  The Final Arbitration Award is CONFIRMED.  It is further

ORDERED that Plaintiffs' Ex-Parte Motion to Transfer Property to One Man Band Corporation (Docket No. 64) is DENIED.

DATED this 21st day of November, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[16] Fed. R. Civ. P. 54(b).

[17] Docket No. 60, at 2.

6