IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, DIVISION

| | |
|---|---|
| ONE MAN BAND CORPORATION, a Utah Corporation, d.b.a. ONE MAN BAND, INC., d.b.a ONE MAN BAND; and BRADLEY G. TURNER, an individual,<br><br>Plaintiffs,<br>v.<br><br>JEFF SMITH, an individual; JEFF W. & LORETTA J. SMITH, LLC, a Utah limited liability company, a.k.a. J.W. Smith, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:14-CV-221 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. For the reasons discussed below, the Court will deny Plaintiffs' Motion.

I. BACKGROUND

In January of 2001, Plaintiffs and Defendants entered into a franchise agreement, which granted Defendants authority to open and operate a One Man Band restaurant in Santaquin, Utah, and to use the One Man Band trademark for a period of ten years. On September 5, 2012, Defendants informed Plaintiffs that they did not want to renew the franchise agreement. Defendants ceased paying royalties the following month. However, evidence suggests that the parties continued discussing the possibility of renewal through at least February 6, 2013. In July of 2013, Defendants stopped using the One Man Band trademark and changed the name of the Santaquin restaurant to "Jeff's Hot Rod Diner." Plaintiffs seek summary judgment that Defendants infringed on the One Man Band trademark from November 1, 2012, to June 30, 2013, and request an award of damages for the infringement.

## II. DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In order to prove trademark infringement at the summary judgment stage, Plaintiffs must show that, as a matter of law, Defendants' (1) "unauthorized use" of (2) Plaintiffs' "registered mark" (3) was "likely to cause confusion in the marketplace concerning the source of the different [services]."[2] The Court finds that summary judgment is inappropriate because there are material facts in dispute regarding whether Defendants' use of the trademark was unauthorized.

If summary judgment is denied, Plaintiffs request that the Court grant a partial summary judgment under Rule 56(g) of the Federal Rules of Civil Procedure. Plaintiffs, however, do not specify which facts they believe should be established by a partial summary judgment order. Therefore, the Court denies Plaintiffs' request for partial summary judgment.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 60) is DENIED. The Court will set a trial date to resolve the remaining claims.

DATED this 23rd day of January, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] Fed. R. Civ. P. 56(a).

[2] *First Sav. Bank, F.S.B. v. First Bank System, Inc.*, 101 F.3d 645, 651 (10th Cir. 1996) (citing 15 U.S.C. § 1114(1)(a)).