IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ONE MAN BAND CORPORATION, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>JEFF SMITH, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' EX PARTE MOTION UNDER URCP 64A<br><br>Case No. 2:14-CV-221 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Ex Parte Motion Under URCP 64A. Defendants responded to the Motion on February 9, 2017, and Plaintiffs replied on February 10, 2017. For the reasons discussed below, the Court will deny the Motion.

Federal Rule of Civil Procedure 64 provides,

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Plaintiffs seek a prejudgment writ of replevin or a writ of attachment. "A writ of replevin is available to compel delivery to the plaintiff of specific personal property held by the defendant."[1] "A writ of attachment is available to seize property in the possession or under the control of the defendant."[2] To receive either writ, Plaintiffs must satisfy the requirements set forth in Utah Rule of Civil Procedure 64A.[3] In addition, Plaintiffs must demonstrate the specific

---

[1] Utah R. Civ. P. 64B(a).

[2] Utah R. Civ. P. 64C(a).

[3] Utah R. Civ. P. 64B(b); Utah R. Civ. P. 64C(b).

1

requirements for each writ. To receive a writ of replevin, Plaintiffs are required to show that they are entitled to possession of the property and that Defendants wrongfully detain the property.[4] To obtain a writ of attachment, Plaintiffs must show that Defendants are indebted to Plaintiffs; that the action is upon a contract, is against a defendant who is not a resident of this state or is against a foreign corporation not qualified to do business in this state, or the writ is authorized by statute; and that payment of the claim has not been secured by a lien upon property in this state.[5]

Having considered Plaintiffs' Motion and the supporting documentation, the Court finds that Plaintiffs have failed to demonstrate entitlement to either a writ of replevin or a writ of attachment. Plaintiffs completely fail to address any of the requirements of Rules 64B and 64C. Moreover, it is unclear whether Plaintiffs have satisfied all the requirements of Rule 64A. As such, Plaintiffs have failed to meet their burden and the Court will deny this Motion.

It is therefore

ORDERED that Plaintiffs' Ex Parte Motion Under URCP 64A (Docket No. 77) is DENIED.

DATED this 13th day of February, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] Utah R. Civ. P. 64B(b).
[5] Utah R. Civ. P. 64C(b).